IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GBEKE MICHAEL AWALA | * | |
|     Plaintiff, | | |
|       v. | * | CIVIL ACTION NO. JFM-07-3231 |
| ATTORNEY GENERAL MICHAEL B. MUKASEY | * | |
| U.S. ATTORNEY COLM F. CONNOLLY | * | |
| U.S. DEPARTMENT OF HOMELAND SECURITY | * | |
| PETER D. KEISLER, ACTING (ATTORNEY GENERAL) | * | |
|     Defendants. | | |

*****

**MEMORANDUM**

On November 28, 2007, plaintiff, an inmate housed at the United States Penitentiary-Canaan in Waymart, Pennsylvania, filed this civil rights complaint for injunctive relief (return of documents) and damages against the Department of Homeland Security, the United States Attorney General, and the U.S. Attorney for the District of Delaware. Paper No. 1. His complaint contains indecipherable statements, but seemingly concerns allegations that he was subject to "malicious" federal prosecution given the government's knowledge of his birth in the United States and its possession of his birth records.[1]

The complaint is accompanied by a motion to proceed *in forma pauperis*. Plaintiff's action may not, however, proceed as he has accumulated three "strikes" or dismissals of his prior prisoner civil actions and appeals pursuant to 28 U.S.C. § 1915(e).[2] Title 28 U.S.C. § 1915(g) provides that:

---

[1] Plaintiff was convicted of one count of re-entry after deportation, in violation of 8 U.S.C. 1326(a) and (b)(2), and sentenced to a 51-month term in the U.S. Bureau of Prisons on May 15, 2006. *See United State v. Awala*, Criminal No. SLR-04-0090 (D. De.).

[2] *See Awala v. Delta Air Lines*, Civil Action No. JEC-05-2128 (N.D. Ga. Aug. 31, 2005); *Awala v. Wachovia Corp.*, No. 05-3381 (3rd Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3rd Cir. Dec. 8, 2005); *Awala v. Delaware River and Bay Auth. Police Dep't*, Civil Action No. KAJ-05-97 (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, Civil Action No. FLW-05-2362 (D. N.J. Aug. 23, 2005; and *Awala v. Federal Pub. Defender*,

In no event shall a prisoner bring a civil action or appeal a judgment in ac civil action or proceeding under this section if the prisoner on 3 or more prior occasion, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoners is under imminent danger of serious physical injury.

This case does not fall under the "imminent danger" exception to § 1915(g). *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *see also Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2$^{d}$ Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318 (3$^{d}$ Cir. 2001) (en banc). Plaintiff is therefore not entitled to leave to proceed in forma pauperis.

A separate order will be entered dismissing the action without prejudice. Plaintiff is advised that he may re-file this action upon payment of the $350.00 civil filing fee.

Date:   December 12, 2007            /s/
                                     J. Frederick Motz
                                     United States District Judge

---

Civil Action No. KAJ-05-281 (D. Del. Aug. 5, 2005). This court will continue to rely on those rulings to enter § 1915(g) dismissals when appropriate. *See Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998) (district court must cite specific case information upon which it issued a § 1915(g) dismissal).